UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 19-cr-181-pp

LADONIS M. THOMPSON,

Defendant.

---

**ORDER DENYING DEFENDANT'S *PRO SE* LETTER MOTION SEEKING SENTENCE REDUCTION (DKT. NO. 138), DENYING AS MOOT DEFENDANT'S *PRO SE* MOTION TO APPOINT COUNSEL (DKT. NO. 139) AND DENYING DEFENDANT'S *PRO SE* LETTER REQUEST FOR EARLY RELEASE FROM CUSTODY (DKT. NO. 141)**

---

On October 22, 2019, the grand jury returned an indictment charging the defendant in five of seven counts, including one count of attempted Hobbs Act robbery (Count One); one count of using, carrying and brandishing a firearm during and in relation to that attempted Hobbs Act robbery (Count Two); one count of Hobbs Act robbery (Count Three); one count of using, carrying and brandishing a firearm during and in relation to the Count Three Hobbs Act robbery (Count Four); and one count of being a prohibited person in possession of a firearm (Count Five).

Within two months of the indictment, the parties submitted a plea agreement which called for the defendant to plead guilty to Counts One, Three and Four. Dkt. No. 18. After the court adjourned the February 3 2020 plea hearing to give the defendant additional time to speak with his attorney, dkt.

no. 28, the parties entered into an amended plea agreement, dkt. no. 30. That agreement called for the defendant to plead to the same counts (Counts One, Three and Four) but contained an additional provision that the government agreed "to recommend that the defendant's sentence on Counts One and Three run concurrent to his state revocation sentence in Milwaukee County Circuit Court Case numbers 2012CF006106 and 2015CF002204." Id. at 7-8. At a hearing on March 10, the court accepted the defendant's guilty plea. Dkt. No. 35.

On February 2, 2021, the court sentenced the defendant to serve thirty-nine months (three years and three months) on each of the two Hobbs Act robbery counts (to run concurrently with each other and with the sentences imposed in Milwaukee Couty Circuit Court Case Nos. 2012CF006106 and 2015CF002204) and eighty-four months (seven years) on the gun charge; the law required the court to impose the sentence for the gun charge to run consecutively with the sentence the court imposed on the robbery charges, so the total sentence was 123 months (or 10 years and 3 months). Dkt. No. 76 (sentencing minutes); Dkt. No. 77 (judgment). The judgement explained that the court had adjusted the defendant's 39-month sentence on Counts One and Three downward by 16 months under U.S.S.G. §5G1.3(b) to account for the 496 days of pretrial detention the defendant had served which would not otherwise be credited by the Bureau of Prisons ("BOP").

Exactly five years after his sentencing (February 2, 2026) the defendant filed two motions: a *pro se* motion to reduce his sentence under U.S.S.C.

Amendment 821 and a *pro se* motion to appoint counsel. Dkt. Nos. 138, 139. The sentence reduction motion states that, at the time of the defendant's February 2021 sentencing, U.S.S.G. §4A1.1(d) required the court to add 2 points to the defendant's criminal history score if the defendant had committed the instant offense while under any criminal justice sentence. Dkt. No. 138 at 2. The motion recounts that, in November of 2023, guideline §4A1.1 changed to limit status point enhancements to only 1 point for any criminal history points over seven and 0 points for less than 7 criminal history points. Id. The defendant says that his "total criminal history points were calculated to be points, thus he qualifies for a removal of 2 points."[1] He argues that because the Sentencing Commission made this adjustment retroactive and because the new §4A1.1 guideline would lower his criminal history category (and thus his guideline range) the court should reduce his sentence under 18 U.S.C. §3582(c)(2). Id.

The defendant's motion to appoint counsel reiterates the defendant's belief that he is eligible for a 2-point reduction in his criminal history score as a result of the retroactive changes to guideline §4A1.1 and asks the court to appoint him counsel in the interest of justice to assist him in pursuing this sentence adjustment. Dkt. No. 139 at 1.

On September 8, 2026, the defendant filed an additional *pro se* motion, this time requesting early release from custody. Dkt. No. 141. This motion does

---

[1] As it appears in original. It appears the defendant's motion left out the number of criminal history points he had at the February 2021 sentencing.

not pertain to the defendant's sentencing guidelines argument but instead describes some of the difficulties the defendant has faced while imprisoned. Id. at 1-2. The motion states the defendant's belief that he was "getting paid" pertaining to his case. Id. He states that his lawyer told him that he would be paid when he got out, but that he—the defendant—needs that money now in order "to get through the rest of my incarceration." Id. at 2. He asks the court to consider early release.

Under the United States Sentencing Guidelines in effect when the court sentenced the defendant (the 2021 edition of the Guidelines Manual), a defendant would receive two (2) additional criminal history points if he committed the offenses of conviction while "under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. §4A1.1(d) (2021 edition of the Guidelines Manual). In other words, if the defendant was on some kind of supervision at the time he committed his federal crimes, he would receive two (2) "status points" on top of any other criminal history points he'd accrued.

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines went into effect. Parts of that amendment were retroactive. Part A addresses "status points"—those extra criminal history points assessed against someone who committed the instant offense while under a criminal justice sentence (probation, parole, supervised release, imprisonment, work release or escape status). United States Sentencing Commission Guidelines Manual, Supplement to Appendix C, at 240 (2023). The new guideline—which is

retroactive—now states that a defendant who has less than seven (7) criminal history points receives no "status" points. U.S.S.G. §4A1.1(e) (2026 edition of the Guidelines Manual). A defendant who has more than seven (7) criminal history points now receives only one "status" point. Id.

The defendant *was* on supervision in three state cases (Milwaukee County Case Nos. 12CF006106, 13CF000948 and 15CF02204) on September 6, 2019, the date he committed the attempted robbery of the El Paso food store and the robbery of the Speedway gas station. Dkt. No. 69 at ¶¶77-79. The court *did* assess two criminal history points against him under the 2021 guidelines. Dkt. No. 76 at 2; see also, Dkt. No. 69 at ¶¶81. This meant that for the robbery counts, at sentencing, the defendant had an adjusted offense level of 23 and 11 criminal history points (based on his having nine criminal history points and two status points), putting him in criminal history category V. Dkt. No. 76 at 2. The advisory guideline range for the armed robberies (an adjusted offense level of 23 in criminal history category V) was 84 to 105 months, or seven years to eight years nine months. Id.

If the defendant were to be sentenced today under the amended guideline, he would have only 10 criminal history points (9 points and 1 status point, instead of 2). But 10 points (as opposed to 11) still leaves the defendant in criminal history category V; with an adjusted offense level of 23, the defendant's advisory guideline range on the robbery counts would remain 84 to 105 months. So, in the defendant's case, the amended guideline does not result in a reduced guideline range.

As a result, the court cannot reduce the defendant's sentence. 18 U.S.C. §3582(c)(2) allows a court to reduce a defendant's sentence only if the defendant has been sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" The relevant policy statement, U.S.S.G. §1B1.10(a)(2)(B), explicitly excludes a sentence reduction in the defendant's case: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if -- . . . (B) An amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range." Accordingly, the defendant is ineligible for a reduction in sentence under Amendment 821. See United States v. Benson, Case No. 2:19-CR-14 JD, 2024 WL 4002915, at *1 (N.D. Ind. Aug. 30, 2024); United States v. Jamerson, Case No. 2:24CR00003-001, 2026 WL 1073847, at *2 (S.D. Ind. Apr. 20, 2026).

The defendant asked the court to appoint counsel to assist him with his motion for a sentence reduction. The court did not rule on the motion, in part because the Seventh Circuit has not decided whether the Criminal Justice Act, 18 U.S.C. §3006A, "permits a court to appoint counsel at public expense . . . for defendants . . . who are seeking a reduction of their sentences under 18 U.S.C. §3582." United States v. Bonds, 121 F.4th 1129, 1131 (7th Cir. 2024) (citing United States v. Foster, 706 F.3d 887, 888 (7th Cir. 2013)); see also United States v. Newman, No. 21-CR-51-1-JPS, 2026 WL 1008747, at *2 (E.D. Wis. Apr. 14, 2026). The court now denies the motion as moot, because the

court itself has reviewed the defendant's case and determined that the defendant is not eligible for a sentence reduction under 18 U.S.C. §3582(c)(2).

Finally, the defendant advises the court that he is having a difficult time in prison. The court is sorry to hear about the defendant's difficulties but it has no authority to grant him a sentence reduction for those reasons. Section 3582(c) of Title 18 prohibits a court from modifying a term of imprisonment once it has been imposed except in situations involving compassionate release (illness, age, family circumstances), or where a defendant provided substantial assistance to the government, or where the applicable guidelines have been amended downward in the defendant's favor. None of those circumstances apply here.

The court encourages the defendant to participate in the programming offered by the Bureau of Prisons and to speak to his counselor about any Earned Time credits he may be able to receive to reduce his overall time in federal custody. As for the defendant's reference to payments he will receive, the court is unaware of any law entitling criminal defendants to be paid for their criminal prosecution. The defendant should not expect to receive any sums of money from his attorney, the government or anyone else upon his release from federal custody.

The court **DENIES** the defendant's *pro se* motion to reduce sentence under Amendment 821. Dkt. No. 138.

The court **DENIES AS MOOT** the defendant's motion to appoint counsel. Dkt. No. 139.

The court **DENIES** the defendant's *pro se* motion for early release from custody. Dkt. No. 141.

Dated in Milwaukee, Wisconsin this 11th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**